PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04CR00098 |
| v. ) | **OPINION SETTING FORTH** |
| ) | **REASONS FOR SENTENCE** |
| TIMOTHY ADAMS, ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Dennis E. Jones, Lebanon, Virginia, for Defendant.*

For the reasons set forth in this opinion, I find it reasonable to sentence the defendant to a sentence below the advisory guideline range.

The defendant, Timothy Adams, pleaded guilty to the count of an indictment charging him and his wife, Karen Adams, with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C.A. §§ 841(a) and 846 (West 1999). In the written plea agreement, it was stipulated that if the defendant complied with the terms of the plea agreement, he would be entitled to full credit for acceptance of responsibility.

After the defendant's guilty plea was accepted, a probation officer of this court prepared a presentence investigation report ("PSR"). The probation officer calculated the defendant's Total Offense Level as 22, with a Criminal History Category of I, producing an incarceration range under the Sentencing Guidelines of 41 to 51 months. As part of the calculation, the probation officer recommended that the court apply the enhancement contained in United States Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(6)(B) (2004), which provides as follows:

> If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to (I) human life other than a life described in subdivision (C); or (II) the environment, increase by 3 levels. If the resulting offense level is less than level 27, increase to level 27.

USSG § 2D1.1(b)(6)(B). Without the application of this enhancement, the defendant's Total Offense Level would have been 8, with a sentencing range of zero to six months.[1]

Prior to the sentencing hearing, the government objected to the probation officer's calculation, contending that the greater enhancement contained in

---

[1] Based on the lowest range of drug weight, less than 2.5 grams of methamphetamine, the defendant's Base Offense Level is 12. USSG § 2D1.1(c)(14) (2004). That Base Offense Level is reduced two levels because the defendant qualifies for the so-called "safety valve," USSG § 2D1.1(b)(7) (2004). Without the enhancement, he would have received a two-level reduction for acceptance of responsibility, USSG § 3E1.1(a) (2004), producing a Total Offense Level of 8.

- 2 -

subdivision C of USSG § 2D1.1(b)(6) should apply. That provision provides as follows:

> If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent, increase by 6 levels. If the resulting offense level is less than level 30, increase to level 30.

USSG § 2D1.1(b)(6)(C) (2004).

The defendant objected to the application of either enhancement. Prior to the sentencing hearing, however, as a result of discussions between counsel, both the government's and the defendant's objections to the guideline calculation were withdrawn. At the sentencing hearing, I adopted the PSR and its calculation of the guideline range.[2] I heard testimony from the defendant, his wife, and the federal Drug Enforcement Agency case agent.

The facts as shown in the PSR and at the sentencing hearing concerning the defendant and his criminal conduct are as follows.

The defendant is 33 years old, with a high school education. He and his wife Karen have two sons, ages 10 and 5. He is employed in a manufacturing plant. He has used illegal drugs off and on since he was a teenager and admits to having a substance abuse problem, although he has no prior criminal record. He successfully completed

---

[2] The defendant did object to certain non-guideline information contained in the PSR, but I overruled those objections.

an inpatient drug treatment program in 2000, and he is presently attending outpatient counseling. In 2003 he developed an addiction to methamphetamine and by 2004, was using it on a daily basis. In October 2004, his wife called the local sheriff's department because the defendant had abusively spanked one of their children, which conduct she realized was a symptom of his methamphetamine use. Law enforcement officers came to their mobile home and found evidence of the manufacture of methamphetamine. Mrs. Adams told the officers that she believed her husband had been involved in making the drug for about two months, although she worked during the day and never saw him do it. Because she admitted having purchased some of the ingredients for him, she was also charged in the federal indictment, although the government has now agreed to pretrial diversion for her, in which the present charges would be dismissed.

There is no evidence that the defendant actually produced any methamphetamine and he denies it, contending that he tried unsuccessfully only two times outside of but close to his mobile home, when his wife was at work and the children were at school or at child care. He usually obtained his methamphetamine (which he smoked) from a neighbor, from whom he also got instruction about making the drug.

A bottle of iodine was found in the master bathroom of the mobile home, which may have been used in the process of manufacturing methamphetamine. The law enforcement officers also found in that bathroom a milk jug with a liquid containing amphetamine, which was also likely part of the manufacturing process. On the outside of the home were found other materials consistent with making methamphetamine, including a can of acetone, and glass tubing and jars.

The defendant has been on bond since his arrest and with the consent of the government, even following his guilty plea. He used methamphetamine again shortly after being arrested, but has not done so for five months. He was allowed a proffer session with the government in an effort to earn a substantial assistance motion, but was unable to provide any useful information.

While the Sentencing Guidelines are not mandatory, *United States v. Booker*, 125 S. Ct. 738, 745 (2005), I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). *Id.* at 767. Under the circumstances of this case, I find that a sentence below that calculated under the guidelines is appropriate.

Under § 3553(a), I must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1). It is clear that of the methamphetamine manufacturing cases seen by the court, the

- 5 -

Case 1:04-cr-00098-JPJ-PMS   Document 42   Filed 10/16/05   Page 5 of 7   Pageid#: 61

defendant's operation was very small. The case agent, with considerable local experience, testified that in comparison it would only rank as a "two or three" on a scale of one to ten, with ten being the largest. It was so limited in duration and scope, in fact, that there is no evidence that the defendant actually produced any methamphetamine. While the defendant withdrew his objection to the "substantial risk of harm" enhancement, there is limited evidence that human life was at risk, other than the risk to the maker himself inherent in any clandestine methamphetamine lab. There is no evidence that the defendant attempted to make methamphetamine in order to sell or distribute it.

The defendant's personal situation also mitigates his sentence. His recent history indicates that he can stop using drugs while under supervision. He has a stable family situation and holds no bitterness against his wife for turning him in after his addiction began to change his personality. A sentence shorter than the guidelines range will allow him a better opportunity to restore ties with his family.

Moreover, the effective treatment of the defendant while incarcerated is a statutory consideration for the sentencing court, *see* 18 U.S.C.A § 3553(a)(2)(D), and I have recommended that the defendant receive residential substance abuse treatment while in prison, under the provisions of 18 U.S.C.A. § 3621(e) (West 2000). I should consider a sentence of sufficient length to allow the defendant to receive such

treatment. *See* 18 U.S.C.A. §§ 3553(a) (providing that court must impose a sentence sufficient, "but not greater than necessary" to comply with the statutory purposes).

In summary, the defendant should be sentenced to a term of imprisonment that recognizes the gravity of his criminal conduct, and permits a proper course of drug treatment, while at the same time allowing him the opportunity for reentry into society within a reasonable time. Accordingly, I find that a term of imprisonment of 24 months is reasonable under the circumstances.

DATED: October 16, 2005

/s/ JAMES P. JONES
Chief United States District Judge

- 7 -

Case 1:04-cr-00098-JPJ-PMS   Document 42   Filed 10/16/05   Page 7 of 7   Pageid#: 63